UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ROBERT SMITH,  )  CIVIL ACTION NO. 2:'05-cv-78
    Plaintiff,  )
  )  COMPLAINT
    v.  )
  )
JAMES MORSE,  )
    In his official capacity as  )
Commissioner of the Vermont  )
Department For Children and  )
Families,  )
    Defendant.  )
  )

## I. Introduction

1. This is an action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and the Supremacy Clause, Article VI of the United States Constitution. Plaintiff seeks to enjoin Defendant from denying Plaintiff Medicaid eligibility based on policies and practices that violate federal law.

## 2. II. Parties

2. Plaintiff Robert A. Smith is an 83 year old man who resides at the Cedar Hill Health Care Center (Cedar Hill) in Windsor, Vermont.

3. Defendant James Morse is the Commissioner of the Vermont Department for Children and Families. He has supervisory and oversight responsibility for all aspects of the Vermont Medicaid program.

1

### III. Jurisdiction

4. Jurisdiction to decide this case is conveyed on the United States District Court by 28 U.S.C. §1331.

5. Plaintiff' right to relief is authorized by 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the Supremacy Clause, Article VI of the United States Constitution.

6. Declaratory and injunctive relief is authorized by 28 U.S.C. §§2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

### IV. Factual Allegations

7. Plaintiff was admitted to Cedar Hill in August of 2004. He requires 24-hour care for a variety of medical conditions.

8. On November 12, 2004, Plaintiff moved $252,347.44 from his revocable trust into his checking account at Merchants Bank.

9. On November 19, 2004, Plaintiff made three loans of $81,800.00 each to his three sons, Mitchel R. Smith, William Smith, and Vincent Smith.

10. In exchange for the borrowed funds, each of Plaintiff's sons gave Plaintiff a promissory note wherein the borrower promised to pay Plaintiff $136.00 per month, beginning January 1, 2005, and continuing until December 1, 2007, when the entire outstanding amount of the loan would be due and payable to Plaintiff.

11. Each borrower gave Plaintiff a mortgage on the borrower's home to secure their debt to Plaintiff.

12. Each borrower possesses sufficient equity in the property to adequately secure their promises

to repay under standards of commercial reasonableness.

13. All of the funds Plaintiff loaned to his sons came from his personal checking account, and he alone may receive payments on these loans during his lifetime. On his death any remaining payments must be paid to his trust.

14. On January 5, 2005, Plaintiff applied for Long-Term Care Medicaid, seeking benefits payable retroactive to December 1, 2004.

15. Plaintiff submitted records of all of his bank accounts, including accounts held by his revocable trust to the Department for Children and Families (DCF) with his application for Medicaid.

16. Plaintiff fully disclosed the existence of the loan to his sons, and he submitted copies of the promissory notes, mortgages, and financial documentation to show the loans were bona fide.

17. Vermont Medicaid regulations require determination of eligibility within 30 days of submission of the Medicaid application.

18. On January 6, 2005, Cedar Hill sent Plaintiff a letter notifying him that he would be discharged in 30 days for non-payment his bill for services.

19. Plaintiff appealed the notice, and the Vermont Department of Licensing and protection intervened because Plaintiff could not be discharged while he had a Medicaid application pending with DCF. Cedar Hill withdrew its discharge notice.

20. On February 22, 2005, the Springfield District Office of DCF denied Plaintiff's application for Medicaid. The denial stated: "The action that constituted the transfer [of resources for less than fair market value] was the establishment of a revocable trust."

21. Vermont Medicaid regulations prohibit the assessment of a transfer penalty where the transfer

is the establishment of a revocable trust.

22. Plaintiff's counsel requested that DCF reconsider its denial because of the obvious conflict between the denial and Vermont Medicaid regulations.

23. DCF issued a new denial on February 24, 2005. This notice assessed a transfer penalty for payments from Plaintiff's revocable trust to "people other than" Plaintiff.

24. Under Vermont Medicaid policy payments from a revocable trust to the grantor of the trust cannot be treated as transfers for less than fair market value.

25. Plaintiff again requested DCF reconsider its denial notice. DCF declined to do so.

26. The payments referenced in the "Revised Notice of Decision" are the loans from Plaintiff to his sons.

27. Despite being provided with bank statements showing that the only payments from Plaintiff's revocable trust were to Plaintiff, and in spite of bank statements showing that funds lent to his sons were paid from Plaintiff's personal checking account, DCF contends that its denial is correct.

28. On March 9, 2005, Cedar Hill commenced suit against Plaintiff for $22,666.20 in past due charges.

29. Although Cedar Hill could not discharge Plaintiff while his Medicaid application was pending, under the regulations promulgated by the Vermont Department of Aging and Independent Living, Plaintiff can now be discharged on 30 days' notice.

30. Plaintiff requested a fair hearing on the denial of his application. His hearing before the Human Services Board Hearing Officer is set for April 14, 2005.

**FIRST CAUSE OF ACTION**

31. Under section 1634 of the Social Security Act, 42 U.S.C. § 1383c(a), states which elect to have the Commissioner of Social Security determine Medicaid eligibility for recipients of Supplemental Security Income (SSI) within the state must agree to use a methodology for determining Medicaid eligibility for the "medically needy" which is no more restrictive than the methodology to determine eligibility for SSI.

32. Pursuant to 42 U.S.C. §1396a(a)(10)(C), once a state has entered into an agreement under section 1634 with the Commissioner of Social Security, the state must use a methodology for determining Medicaid eligibility for its "medically needy" population which is no more restrictive than the methodology used to determine eligibility for SSI.

33. 42 U.S.C. §1396a(r)(2) requires that the methodology employed by the state to determine Medicaid eligibility for its medically needy population cannot deny Medicaid to any individual who would be eligible for Medicaid under SSI's methodology for determining eligibility.

34. Vermont has elected to have the Commissioner of Social Security determine eligibility for Vermonters receiving SSI.

35. Because Vermont has entered into a section 1634 agreement with the Commissioner of Social Security, 42 U.S.C. §1396a(a)(10)(C) and 42 U.S.C. §1396a(r)(2) create an individual right in the Plaintiff to have his eligibility for Vermont Medicaid determined using a methodology which is no more restrictive than the methodology used to determine eligibility for SSI.

36. The loans from Plaintiff to his sons are fair market value transfers under SSI rules.

37. Defendant has an unwritten, unpromulgated policy of treating all loans by applicants for

Medicaid, regardless of the terms of the loan or the security received by the lender, as "transfers for less than fair market value" in order to assess a period of ineligibility for Medicaid against the lender.

38. Defendant's denial notices are a pretext to hide the fact that Plaintiff's application was denied because of Defendant's unwritten, unpromulgated policy regarding the treatment of loans by applicants for Medicaid.

39. Defendant's unwritten, unpromulgated policy deprives Plaintiff of his right under the Social Security Act to receive a determination of eligibility no more restrictive than SSI.

40. Plaintiff is entitled to relief for such violation of his rights by 42 U.S.C. § 1983 and under the Supremacy Clause of Article VI of the United States Constitution.

## SECOND CAUSE OF ACTION

41. By denying Plaintiff eligibility for Medicaid based on its unwritten, unpromulgated policies, in violation of the Social Security Act, 42 U.S.C. §1396a(a)(10)(C) and 42 U.S.C. §1396a(r)(2), Defendant has deprived Plaintiff of his right to Medicaid without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

42. Plaintiff is entitled to relief for such violation under 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION

43. The Social Security Act delegates to the United States Secretary of Health and Human Services (HHS) the authority to establish policies and regulations to carry out the purposes of the Act.

44. The Secretary of HHS, through the Centers for Medicare and Medicaid Services (CMS), has created regulations and policies which prohibit Defendant from using a methodology for

determining eligibility for Medicaid that is more restrictive than the methodology for determining eligibility for SSI.

45. Defendant's unwritten, unpromulgated policy which treats all loans as transfers for less than fair market value violates HHS regulations and CMS rules.

46. Plaintiff are entitled to relief for such violation under 42 U.S.C. § 1983 and the Supremacy Clause of Article VI of the United States Constitution.

## FOURTH CAUSE OF ACTION

47. Plaintiff is a client of Tapper Law Offices.

48. Defendant has unwritten, unpromulgated policy of applying different eligibility criteria to clients of Tapper Law Offices which contravene Defendant's Medicaid regulations and SSI rules, specifically a rule which treats all loans as transfers for less than fair market value.

49. Such unwritten, unpromulgated policies are retaliation for advocacy by Tapper Law Offices against Defendant in a variety of forums on behalf of applicants for Medicaid or recipients of Medicaid.

50. Plaintiff's application for benefits was denied because of Defendant's application of the unique eligibility criteria he applies to clients of Tapper Law Offices. Because of such policy toward clients of Tapper Law Offices, the loans from Plaintiff to his sons were treated as transfers for less than fair market value.

51. The application of Defendant's unwritten, unpromulgated policy of applying unique eligibility criteria to clients of Tapper Law Offices creates a methodology for determining Plaintiff's eligibility for Medicaid that is more restrictive than SSI criteria.

52. Plaintiff is entitled to relief for such violation under 42 U.S.C. § 1983 and the Supremacy

Clause of Article VI of the United States Constitution.

## FIFTH CAUSE OF ACTION

53. The Vermont Administrative Procedures Act requires that all regulations promulgated by a state agency follow a specific process including publication and opportunity for public comment.

54. Defendant has failed to complete any of the steps required by the Vermont Administrative Procedures Act with regard to its policy of treating all loans, or in the alternative, all loans made by clients of Tapper Law Offices, as transfers for less than fair market value.

55. Such failure to promulgate policies according to the requirements of the Vermont Administrative Procedures Act deprives Plaintiff of notice and opportunity to be heard regarding such policies.

56. Defendant's failure to properly promulgate its substantive policy of treating all loans, or in the alternative, all loans made by clients of Tapper Law Offices, as transfers for less than fair market value, deprives Plaintiff of his right to Medicaid without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

57. Plaintiff is entitled to relief for such violation under 42 U.S.C. § 1983.

## SIXTH CAUSE OF ACTION

58. 42 U.S.C. §1396p(c)(4) prohibits States, even those without 1634 agreements, from assessing periods of ineligibility against applicants for Long-Term Care Medicaid, except in accordance with the criteria set out in 42 U.S.C. §1396p(c).

59. 42 U.S.C. §1396p(c)(4) creates an individual right in Plaintiff to have their transfers of resources for fair market value, as defined in the Social Security Act, federal regulations and

rules, evaluated according to the restrictions in 42 U.S.C. §1396p(c).

60. Defendant' policy of assessing periods of ineligibility against applicants who have transferred resources for fair market value violates the express provisions of 42 U.S.C. §1396p(c).

61. Plaintiff are entitled to relief for such violation under 42 U.S.C. § 1983 and the Supremacy Clause of Article VI of the United States Constitution.

### Irreparable Harm

62. By applying unwritten, unpromulgated polices in order to deny Plaintiff's application for Medicaid, Defendant has caused, and is continuing to cause Plaintiff emotional distress and anxiety over how he will pay his outstanding bill to the nursing home and whether he will be discharged from the nursing home.

63. Without an order of this Court Plaintiff will be discharged from Cedar Hill. Such discharge will put his health and safety at risk, since Plaintiff does not have the resources to receive comparable care in the community.

64. The change in routine and care Plaintiff will receive in the community after a discharge from Cedar Hill will cause him severe emotional distress.

65. The ongoing deprivation of Plaintiff's right to due process of law constitutes irreparable harm.

   WHEREFORE, Plaintiff prays this Court:

   1. Declare that Defendant's policy of treating all loans as transfers for less than fair market value creates a methodology for determining eligibility which is more restrictive than SSI.

   2. Declare that Defendant's policy of treating all loans made by clients of Tapper

Law Offices as transfers for less than fair market value creates a methodology for determining eligibility which is more restrictive than SSI.

3. Declare that by creating methodologies for determining eligibility for Medicaid which are more restrictive than the methodologies used to determine eligibility for SSI Defendant has deprived Plaintiff of his rights under the Social Security Act, the Fourteenth Amendment, and the Supremacy Clause, Article VI, of the United States Constitution.

4. Declare that the Defendant's policy of treating loans, or loans made by clients of Tapper Law Offices, as transfers for less than fair market value, without promulgating such policies according to the strictures of the Vermont Administrative Procedures Act, denies Plaintiff notice and opportunity to be heard regarding such policies, in derogation of Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution.

5. Declare that Plaintiff's loans to his sons are fair market value transfers under SSI rules.

6. Enjoin Defendant from the application of his unwritten, unpromulgated policies which treat all loans as transfers for less then fair market value in determining Plaintiff's eligibility for Medicaid.

7. Enjoin Defendant from the application of his unwritten, unpromulgated policy of treating all loans made by clients of Tapper Law Offices as transfers for less than fair market value in determining Plaintiff's eligibility for Medicaid.

8. Award Plaintiff their reasonable attorneys' fees and costs;

       9.    Grant such other relief as justice and equity may require.

Dated at Springfield, Vermont this 28th day of March, 2005.

_____

Mark L. Tapper, Esq.
Tapper Law Offices
55 Clinton Street
Springfield, Vermont 05156
(802) 885-9666
000602582